**ZE YAN ZHAO, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization, Respondents.**

No. 04–4532–AG.

United States Court of Appeals, Second Circuit.

March 30, 2006.

Ze Yan Zhao, Brooklyn, New York, for Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Assistant United States Attorney, Dione M. Enea, Special Assistant United States Attorney, Brooklyn, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Ze Yan Zhao, *pro se,* petitions for review of the BIA decision denying his motion to reconsider the BIA's decision denying his motion to reopen his immigration proceedings. In a previous decision, the BIA denied Zhao's appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of Zhao's motion under the abuse of discretion standard. *Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). Because Zhao's petition for re-

view is timely only from the BIA's denial of his motion to reconsider, we will not review the BIA's final order of removal or denial of Zhao's motion to reopen. *Id.* at 90.

A motion to reconsider must specify errors of fact or law and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1). Zhao did not allege any errors of fact or law that were not previously raised. Zhao's motion argued that the BIA and IJ erred in denying his claim for asylum because he demonstrated he had a well-founded fear of persecution under the Chinese family planning policies. The BIA had already rejected these arguments. Accordingly, the BIA did not abuse its discretion in denying the motion.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).